UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HARVINDER S. SANDHU, M.D., and KYPHON INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MEDTRONIC SOFAMOR DANEK, INC., MEDTRONIC SOFAMOR DANEK USA, INC., and SDGI HOLDINGS, INC.,<br><br>          Defendants. | Court File No. 2:05-2863-MI V<br>The Honorable Jon Phipps McCalla<br>The Honorable Diane K. Vescovo |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
FIRST MOTION TO COMPEL DISCOVERY**

Medtronic's motion is unnecessary and does not present any real controversy. The motion seeks discovery that either: (1) Medtronic already has; (2) does not exist; or (3) Kyphon is in the process of providing. Kyphon and Dr. Sandhu will keep this opposition as short as possible in an effort to minimize the burden upon the Court's resources.[1]

**I.    DR. SANDHU HAS FULLY RESPONDED TO REQUESTS FOR ADMISSION 67, 70, 71, 80, 86-90, AND 92-94 TO THE BEST OF HIS RECOLLECTION.**

Medtronic served Dr. Sandhu Requests for Admission on many precise time and subject matter-specific issues. The example in Medtronic's brief is a good one: "Admit that before February 13, 2004, you never discussed the Sandhu Disclosure with Dr. Pagano."

This Request is all about Dr. Sandhu's memory. Dr. Sandhu has made a reasonable inquiry, including efforts to refresh his memory, but the information known or readily obtainable by Dr. Sandhu is insufficient to enable Dr. Sandhu to unequivocally admit or deny this as well as

---

[1] To that end, Plaintiffs will refrain from detailing the multiple inaccuracies in Medtronic's account of the meet and confer process leading up to its Motion. Plaintiffs do, however, respectfully note their position that a party declaring by fiat a time for a conference call, without concern for the availability or readiness of the other party to participate in such a call at that time, and without being willing to reschedule at a reasonable time, does not discharge a party's meet and confer obligations under the Local Rules.

the other specific requests for admission.[2]  In this instance, because Dr. Sandhu was unable to say with 100% certainty whether he had had such a discussion before such date with such an individual, he simply answered that he was not able to unequivocally admit or deny.

Not being able to remember something definitively enough to sign a sworn statement absolutely admitting it or absolutely denying it is not grounds for the sanction that Medtronic suggests of deeming the requests admitted.  Medtronic will be able to explore the details and limits of Dr. Sandhu's memory on these topics in his deposition, which is being scheduled at Medtronic's request in December.  [Boyd Decl., Ex. B].

## II.     DR. SANDHU HAS COMPLETELY RESPONDED TO REQUESTS FOR ADMISSION 68, 69, 72-76, 78, 79, 81, AND 84, AND TO FORCE HIM TO SUPPLEMENT HIS RESPONSES TO *DELETE* INFORMATION WOULD RENDER HIS RESPONSES MISLEADING.

These requests are about whether Dr. Sandhu "provided" certain specific documents and information regarding his invention to certain specific individuals at Medtronic.  For instance, Request for Admission 68 asks for Dr. Sandhu to admit that "during or before September 2002, you never provided Dr. Pagano with an original or a copy of the Sandhu Disclosure."  Dr. Sandhu's interrogatory responses provide a fully responsive answer regarding the Sandhu disclosure and what was provided to whom and when.  [Boyd Decl., Ex. C at interrogatory responses 9 and 10.]  Dr. Sandhu's responses to the Requests for Admission, in addition to giving particular information about his disclosures (for instance, that he never physically gave the disclosure to Dr. Pagano), give the *additional* information that Dr. Sandhu believes that the information was provided to Dr. Pagano.  To fail to include this clarification would cause Dr.

---

[2]  Medtronic's assertion—unsupported by a declaration—that "counsel indicated that at this time they would not make any efforts to refresh Dr. Sandhu's recollection" is untrue.  [Declaration of Karen I. Boyd, attached to this opposition as Exhibit 1 ("Boyd Decl.") at ¶¶ 3-4].  Given Medtronic's specific complaint—not mentioned in meet and confer—that Dr. Sandhu's responses did not include a statement that he made a reasonable inquiry, Dr. Sandhu today has served supplemental responses that include this statement.  [Boyd Decl., Ex. A].

Sandhu's admission to misleadingly imply that Dr. Pagano never had possession of the Sandhu Disclosure or its substance.[3]

### III. MEDTRONIC MISSTATES THE LAW REGARDING THE OBLIGATIONS OF A PARTY IN RESPONDING TO INTERROGATORIES.

Rule 33 does not require, as Medtronic purports, an unconditional "full" response to an interrogatory. Rather, it provides:

> Each interrogatory shall be answered separately and fully in writing under oath, *unless it is objected to*, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

Fed. R. Civ. P. 33(b)(1) (emphasis added). Nor does *Martin v. Brown*, 151 F.R.D. 580 (W.D. Pa. 1993), the case Medtronic relies on, require unconditional furnishing of any information requested in an interrogatory. To the contrary, the court in *Martin* states: "Fed. R. Civ. P. 33(a) requires that a party 'furnish such information *as is available to the party*.'" *Martin*, 151 F.R.D. at 593. A party is only required to provide information responsive to the interrogatories, to the extent they are not objected to, "as is available through reasonable efforts." *Id.* at 594; *see also* Fed. R. Civ. P. 33(b)(1).

While Rule 33 requires that interrogatory responses be signed under oath, there is no support for Medtronic's proposition that "the verification cannot be made on information and belief." [Medtronic motion at 7.] Medtronic cites to Fed. R. Civ. P. 33(b)(2). However, Rule 33(b)(2) provides, in its entirety: "The answers are to be signed by the person making them, and the objections signed by the attorney making them." Fed. R. Civ. P. 33(b)(2). Nor does the case Medtronic relies on, *Rayman v. American Charter Federal Sav. & Loan Ass'n*, 148 F.R.D. 647 (D. Neb. 1993), support Medtronic's interpretation of the rule. *Rayman* only held that Rule 33's requirement that discovery responses by a party be under oath also applied to requests for production under Rule 34. *Rayman*, 148 F.R.D. at 651. The court then found that the party representative's affidavit stating that "to the best of [his] knowledge" the requested documents

---

[3] Once again, Medtronic is, of course, free to explore these subjects in more detail during its deposition of Dr. Sandhu.

"would have been previously produced" was insufficient to demonstrate that all responsive documents had previously been produced. *Id.*

Contrary to Medtronic's position, courts have found that verified responses to interrogatories based on "information and belief" are adequate. For example, in *Zanowic v. Reno*, No. 97 Civ. 5292 (JGK) (HBP), 2000 WL 1376251 (S.D.N.Y. Sept. 25, 2000), the district court found the plaintiff's following verification to be sufficient:

> I am the Plaintiff herein; I have read the foregoing Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Request for Documents and know the contents thereof; the same is true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe them to be true.

*Zanowic*, 2000 WL 1376251, at *5. *See also O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (holding that plaintiff's supplemental response to interrogatory stating that "upon information and belief, that additional information . . . may be determined from documents produced by defendants" was sufficient).

## IV.    DR. SANDHU HAS COMPLETELY RESPONDED TO INTERROGATORIES 9, 10, AND 12.

With regard to Interrogatories 9, 10, and 12, simply reading the interrogatories and responses in Medtronic's Motion shows that Medtronic's motion on these interrogatories is without any basis. For the Court's convenience, the Sandhu Disclosure (identified by Dr. Sandhu's response to Interrogatory 12 as detailing the trade secrets that Medtronic stole) is attached to the Boyd Declaration as Ex. D.

## V.    DR. SANDHU'S RESPONSES TO INTERROGATORIES 11 AND 15 ARE COMPLETE AT PRESENT.

Interrogatory 11 seeks the facts supporting Dr. Sandhu's contentions about Medtronic's theft of his trade secrets. Medtronic has not finished producing documents, and not a single Medtronic witness has been deposed. Therefore, Dr. Sandhu's response simply points to the extremely detailed Amended Complaint, which gives a thorough account of the facts as currently understood by Dr. Sandhu, as well as to other pleadings and supporting papers in this case.

4

[April 26, 2006 Amended Complaint, Docket No. 37; Plaintiffs' Opposition to Medtronic's Motion to Dismiss, and supporting papers, Docket No. 26; and Plaintiffs' Opposition to Medtronic's Motion for Summary Judgment, and supporting papers, Docket No. 69.][4]  After discovery and analysis progress, Dr. Sandhu will certainly supplement his response, to the extent required by Fed. R. Civ. P. 26(e).

Interrogatory 15 seeks damages contentions.  Obviously, both fact and expert discovery are needed before complete damages contentions are developed.  Even so, Dr. Sandhu's response contained the contentions that he is due monetary damages "for the loss of his ability to patent his inventions, as well as royalties on sales of [Medtronic's] kyphoplasty device."  This response is currently complete.

## VI.     MEDTRONIC'S COMPLAINT ABOUT DR. SANDHU'S RESPONSE TO INTERROGATORY 14 IS PREMISED ON AN INACCURATE STATEMENT.

Medtronic's complaint about Interrogatory 14 to Dr. Sandhu is premised on Medtronic's assertion that "[i]n their Amended Complaint, Plaintiffs claim that Dr. Sandhu should be named the sole inventor on certain Medtronic patents and patent applications."  [Medtronic motion at 1.] Medtronic's assertion simply is not true.  Plaintiffs claim that Dr. Sandhu is *either* a sole *or joint* inventor of the patents and applications at issue.  [Amended Complaint at ¶¶ 40 and 45, Docket No. 37.]  The named inventors, Drs. Foley and Pagano, and Mr. Justis, may or may not also be inventors—discovery will have to tell.  Medtronic has not completed its document production and none of the currently named inventors have been deposed.  Dr. Sandhu's response to Interrogatory 14 regarding his contentions about the contributions of Foley, Pagano, and Justis is complete:  at this time he has no contentions about their contributions because he has not received sufficient information in discovery to allow the development of such contentions.  Dr. Sandhu's primary contention is that *he* is an inventor, and not—at least without the benefit of

---

[4]  The case cited by Medtronic for its assertion that an interrogatory cannot incorporate statement from pleadings does not stand for that proposition.  In that case, the Third Circuit merely found that defendant's interrogatory response referring plaintiff to defendant's "Position Statement which does not even appear to be part of the record" was insufficient. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 733 (3d Cir. 1995).

discovery—that anyone else *cannot* possibly be a co-inventor.  After discovery and analysis progress, Dr. Sandhu will certainly supplement his response, to the extent required by Fed. R. Civ. P. 26(e).

VII. **MEDTRONIC'S COMPLAINTS ABOUT DOCUMENT PRODUCTION ARE PREMATURE BECAUSE THE PARTIES HAVEN'T COMPLETED DOCUMENT PRODUCTION, AND ARE UNNECESSARY BECAUSE PLAINTIFFS HAVE PROMISED TO PRODUCE THE SPECIFIED DOCUMENTS OF CONCERN.**

With regard to Requests for Production Nos. 1-5 and 8-10 to Kyphon, and 1-3 and 6-10 to Dr. Sandhu, Dr. Sandhu and Kyphon do not dispute that the license agreement and related correspondence between them are discoverable.  They have promised to produce the documents, and anticipate completing document production by mid-October.[5]  This production is well in advance of the December deposition being scheduled for Dr. Sandhu.  Medtronic's motion on these documents was simply unnecessary.

With regard to documents provided to or received from expert witnesses (Requests for Production 44-46 to Dr. Sandhu and 66-67 to Kyphon), Plaintiffs have agreed to produce such documents when testifying experts are designated.  At the moment, Medtronic is holding up the designation of Dr. Michael Marks.  So not only is Medtronic's motion on this issue premature, it is premature of Medtronic's own making.

Finally, with regard to Request for Production 53 to Kyphon, which seeks "[d]ocuments sufficient to show the current and historical inventory of each 'kyphoplasty invention' referred to in paragraph 4 of the Amended Complaint," Plaintiffs have requested an explanation of the relevance of such documents.  [Boyd Decl., Ex. F at 3].  Medtronic never responded.  Kyphon is, and has been, open to discussing this issue with Medtronic.  However, to put together even quarterly information on inventory on all of Kyphon's products would be extremely burdensome – particularly when Kyphon cannot conceive of, and Medtronic refuses to explain, how such

---

[5] Medtronic's statement that plaintiffs' counsel promised to produced these documents on September 12, 2006 [Motion at 13] is incorrect.  Plaintiffs' counsel explained this to Medtronic's counsel after reviewing Medtronic's motion, but Medtronic declined to correct the record.  [Boyd Decl., Ex. E].

6

information could be relevant to patent infringement, patent validity, damages, trade secret theft, or any of the other causes of action and defenses in this case.

## VIII.   CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court deny Medtronic's Motion to Compel in its Entirety.

Dated:  October 2, 2006 By:  /s/ *Thomas L. Halkowski*
Glen G. Reid, Jr. (TN #8184)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Tel:  (901) 537-1000
Fax:  (901) 537-1010

Thomas L. Halkowski (DE #4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach (MA #653819)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax: (617) 542-8906

Attorneys for Plaintiffs
HARVINDER S. SANDHU, M.D. AND
KYPHON INC.

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2006, I electronically filed

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
FIRST MOTION TO COMPEL DISCOVERY**

with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following counsel. Counsel will also receive the document via e-mail.

| | |
|---|---|
| Leo Bearman, Jr.<br>Bradley E. Trammell<br>Baker Donelson Bearman Caldwell & Berkowitz, P.C.<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>Telephone:  (901) 526-2000<br>Facsimile:  (901) 577-0717 | *Attorneys for Defendants Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.* |

Michael A. O'Shea
Paul A. Gennari
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone:  202.887.4000
Facsimile:  (215) 965-1210

Michael Simons
Akin Gump Strauss Hauer & Feld LLP
300 West 6th Street
Suite 2100
Austin, TX 78701-3911
Telephone:  512.499.6200
Facsimile:  512.499.6290

Steven M. Zager
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200
Telephone:  713.220.5800
Facsimile:  713.236.0822

                                                    */s/ Thomas L. Halkowski*
                                                    Thomas L. Halkowski

50375242.doc