IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| HARVINDER S. SANDHU, M.D., and ) | |
| KYPHON INC., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-2863 JPM/dkv |
| ) | |
| MEDTRONIC SOFAMOR DANEK, INC., ) | |
| MEDTRONIC SOFAMOR DANEK USA, ) | |
| INC., and SDGI HOLDINGS, INC., ) | |
| ) | |
|    Defendants. ) | |

---

ORDER GRANTING KYPHON'S MOTION TO EXCLUDE THE TESTIMONY OF KEVIN
T. FOLEY, M.D. AT THE PRELIMINARY INJUNCTION HEARING (DOC. 258);
ORDER GRANTING DEFENDANTS' MOTION TO RECONSIDER EXCLUSION OF THE
TESTIMONY OF DR. KEVIN FOLEY (DOC. 274)

---

Before the Court are Kyphon's Motion to Exclude the
Testimony of Kevin T. Foley, M.D. at the Preliminary Injunction
Hearing (Doc. 258), filed November 16, 2006, and Defendants'
Motion to Reconsider Exclusion of the Testimony of Dr. Kevin
Foley (Doc. 274), filed December 8, 2006.  Defendants' Opposition
to Motion to Exclude the Testimony of Kevin T. Foley, M.D. at the
Preliminary Injunction Hearing (Doc. 260) was filed on November
17, 2006.  No opposition was filed in response to Defendants'
Motion to Reconsider.

According to Plaintiff Kyphon, Inc. ("Kyphon"), the
testimony of Dr. Kevin T. Foley ("Dr. Foley") should be excluded
because, it is either irrelevant to the issues relating to

Kyphon's preliminary injunction application, or because it is
cumulative.  Kyphon asserts that the declaration from Dr. Foley
submitted by Defendants on October 16, 2006 only pertains to
whether Dr. Foley independently invented the subject matter
claimed in Defendants' patent, and accordingly has nothing to do
with the infringement or validity of the '404 patent.  Also, the
only relevant testimony Dr. Foley might offer, that in his
opinion the Arcuate XP does not infringe because it does not
create a void, is not based on personal knowledge and is
cumulative of other testimony to be offered by Medtronic's other
live witnesses.  To the extent that Defendants seek to have Dr.
Foley testify as to matters not included in his declaration or
deposition, Kyphon objects to admitting to such testimony as
unfair surprise.  (Kyphon's Motion to Exclude the Testimony of
Kevin T. Foley, M.D. at the Preliminary Injunction Hearing
("Kyphon's Motion"), Nov. 16, 2006, Doc. 258, 1-3.)

      In their opposition, Defendants assert that Dr. Foley's
testimony is relevant, and that he has personal knowledge of the
development of the Arcuate XP and has also used Kyphon's device.
According to Defendants, Dr. Foley may testify about the history
and development of the Arcuate XP and how it compares to
vertebroplasty and kyphonoplasty devices, and may also testify as
to the public interest in having the Arcuate XP available during
the pendency of this lawsuit.  (Defendants' Opposition to Motion

to Exclude the Testimony of Kevin T. Foley, M.D. at the
Preliminary Injunction Hearing, Nov. 17, 2006, Doc. 260-1, 1-3.)

Kyphon's Motion was orally GRANTED at the beginning of the
preliminary injunction proceedings on November 20, 2006 because
the Court concluded that Defendants had not filed declarations
disclosing the testimony Dr. Foley would give.  Subsequently,
Defendants' Motion to Reconsider Exclusion of the Testimony of
Dr. Kevin T. Foley was filed, requesting that the Court
reconsider its decision to exclude Dr. Foley's testimony because
Dr. Foley's testimony at the preliminary injunction hearing did
not go beyond the topics addressed in his declaration, and Kyphon
deposed Dr. Foley on the topics covered by his testimony during
the hearing.  Also, Kyphon was given the opportunity by the Court
to conduct a second deposition of Dr. Foley prior to the
presentation of closing arguments on the preliminary injunction
application.  Finally, part of Dr. Foley's testimony is rebuttal
testimony and thus should be admitted regardless of whether it is
outside the scope of Dr. Foley's declaration or deposition.
(Defendants' Motion to Reconsider Exclusion of the Testimony of
Dr. Kevin Foley ("Defendants' Motion to Reconsider"), Dec. 8,
2006, Doc. 274-1, 1-7.)

The Court finds that for the reasons asserted in their
brief, Defendants' Motion to Reconsider should be, and is hereby,
GRANTED.  The live testimony of Dr. Foley offered by Defendants

at the preliminary injunction hearing is hereby accepted and admitted into evidence.

So ORDERED this 16th day of July, 2007.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

4